```
              UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT

United States of America    :
                            :
     v.                     :   File No. 2:03-CR-5
                            :
Tony Velasquez              :
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 286)

Defendant Tony Velasquez, proceeding *pro se*, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Paper 286). In his motion, Velasquez claims that his Fifth and Sixth Amendment rights were violated when he was sentenced based upon facts that were not found by a jury or proved beyond a reasonable doubt. The government has opposed the motion, arguing that Velasquez is relying upon the Supreme Court's decision in United States v. Booker, 127 S. Ct. 738 (2005), and that Booker may not be applied retroactively to Velasquez's 2004 sentencing. (Paper 295). For the reasons set forth below, I recommend that the motion be DENIED.

### Factual Background

On February 10, 2003, a grand jury returned a superseding indictment charging Velasquez with (1)

conspiracy to possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1), (2) possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2 (Count 2), and (3) aiding and abetting possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Count 5). (Paper 13).  According to Velasquez's own memorandum in support of his § 2255 motion, these charges resulted from his involvement in a drug distribution conspiracy between April, 2002 and January, 2003.  Acting in concert with a co-defendant, Velasquez obtained powder cocaine in Massachusetts and sent it to New York to be "cooked into crack cocaine."  The drugs were then transported to Rutland, Vermont for sale to distributors and users. (Paper 290 at 2).

   On October 30, 2003, Velasquez entered a plea of guilty to Count 1 of the superseding indictment.  The plea, as set forth in the written plea agreement (Paper 175), specifically stated that the mandatory statutory

minimum sentence for this charge was 10 years.  The plea agreement also called for the government to move for a downward departure pursuant to Federal Sentencing Guideline § 5K1.1 based upon "substantial assistance," and to recommend that Velasquez receive credit for acceptance of responsibility.  The agreement further provided that "[i]n the event the parties make a motion pursuant to § 5K1.1, they agree, pursuant to § 11(c)(1)(c), that a sentence of 120 months is the appropriate disposition of this case with regard to imprisonment."  (Paper 175 at 5).

Velasquez was sentenced on May 17, 2004.  While the plea agreement required Velasquez to confess to drug involvement in the amount of 50 grams or more, the Pre-Sentence Investigation Report set his base offense level at 36 based upon between 500 and 1.5 kilograms of cocaine base attributable to him.  The Court departed 3 levels for acceptance of responsibility, but enhanced 4 levels for Velasquez's role as a leader.  Due to his status as a career offender, the maximum sentence under the Guidelines was life in prison.  However, after the government moved for a downward departure as set forth in

the plea agreement, and the Court granted the motion, the Guideline range fell to 120-150 months.  Velasquez was subsequently sentenced, consistent with his plea agreement, to 120 months in prison.

Velasquez did not appeal his sentence.  He filed his instant motion on June 24, 2005, initially claiming, with no factual support, ineffective assistance of counsel. (Paper 286).  On July 15, 2005, the Court ordered him to amend his filing and to state "the facts that underlie his ineffective assistance of counsel claim."  (Paper 287).  On August 17, 2005, Velasquez filed an amended motion claiming violations of his Fifth and Sixth Amendment rights to due process and a jury trial, respectively.  The amended motion did not set forth an ineffective assistance of counsel claim.[1]

## Discussion

The government argues that Velasquez's claims are predicated entirely upon <u>Booker</u>, and that <u>Booker</u> does not apply here since it is not retroactive.  (Paper 295).

---

[1] In his reply to the government's opposition, Velasquez concedes that he is not bringing a substantive claim of ineffective assistance of counsel. However, to the extent that the government or the Court raises the issue of failure to file a direct appeal, Velasquez contends that his attorney's failure to raise certain issues on appeal constitutes "cause and prejudice." (Paper 298 at 1).

4

Velasquez himself concedes that his "claims are based upon the Booker decision, decided earlier this year. Velasquez understands that he has the opportunity for relief on these claims only if Booker applies to this case."  (Paper 298 at 2).

The Booker decision held that the Federal Sentencing Guidelines "violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of fact (other than the fact of a prior conviction) made by the judge."  Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005) (citing Booker, 125 S. Ct. at 755-56).  The Second Circuit has held that Booker does not apply retroactively to cases on collateral review.  Id. at 144.  Specifically, the Second Circuit determined that although Booker established a new rule of constitutional law, the rule was procedural rather than substantive.  Id. at 141-42.  The circuit court further held that the rule announced in Booker did not establish a "watershed rule 'implicating the fundamental fairness and accuracy of the criminal proceedings,'" and thus could not be applied retroactively.  Id. at 142-43

(quoting Schriro v. Summerlin, 124 S. Ct. 2519, 2523 (2004)).  Consequently, the law in this circuit is that Booker is not retroactive, "i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."  Id. at 144.

In this case, Velasquez was sentenced on May 17, 2004, and his Judgment and Commitment was entered on the docket on May 18, 2005.  Because he did not file a direct appeal, his sentence became final on May 28, 2004, over seven months prior to the Booker decision.  Fed. R. App. P. 4(b)(1)(A) (direct appeal must be filed within 10 days of entry of judgment); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed federal criminal judgment becomes final when time for filing direct appeal expires).  Accordingly, under the law of this circuit, Booker does not provide Velasquez with grounds for collateral relief.

In addition to his citations to Booker, and despite his statement that he is relying solely upon the Booker decision, Velasquez also seeks relief based upon cases that preceded Booker.  The first of these cases is

Apprendi v. New Jersey, 530 U.S. 466, 478 (2000), in which the Supreme Court held that

> other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, . . . "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

530 U.S. at 490 (quoting Jones v. United States, 526 U.S. 227, 252-53 (1999) (Stevens, J., concurring)). Velasquez also cites Blakely v. Washington, 124 S. Ct. 2531 (2004), which struck down part of Washington State's sentencing scheme under Apprendi, and Ring v. Arizona, 536 U.S. 584 (2002), which applied Apprendi in the context of the death penalty.

In light of Apprendi, the Second Circuit held in United States v. Thomas, 274 F.3d 665, 663 (2d Cir. 2000) that "because the quantity of drugs involved in a crime may raise a defendant's sentence above the statutory maximum [for an unspecified quantity of drugs], quantity is an element of the offense charged under 21 U.S.C. § 841." Thus, pursuant to Apprendi and Thomas, the rule in

this circuit is that "drug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant to support conviction or sentence on an aggravated offense under § 841(b)(1)(A) or (b)(1)(B)." United States v. Gonzalez, 420 F.3d 111, 131 (2d Cir. 2005).  If a defendant is not charged and convicted of a specific drug amount, "he must be sentenced pursuant to § 841(b)(1)(C), which generally provides no mandatory minimum sentence."  Id.

Here, the superseding indictment alleged a specific drug quantity.  At the change of plea hearing, Velasquez admitted to taking part in a conspiracy involving in excess of 50 grams of crack cocaine, the same amount alleged in the indictment.  (Change of Plea Tr. at 5, 14).  He was also informed by the Court that his plea would result in a sentence of not less than 10 years.  Id. at 6.  Indeed, the minimum statutory penalty for a crime involving 50 grams or more of substances containing cocaine base is 10 years to life.  18 U.S.C. § 841(b)(1)(A).  Ultimately, the Court sentenced Velasquez to the statutory minimum of 10 years.  In sum, drug quantity was charged as an element of the crime, the

quantity was subsequently admitted, and the sentence issued by the Court was within the statutory range for a crime of that quantity.

Velasquez notes that in determining his sentencing range under the Guidelines, the Court used a drug amount that exceeded the amount to which he had admitted in his plea.  He argues that finding a higher drug quantity at sentencing, according to a preponderance standard, and using that higher quantity to determine his sentence violated his rights under Apprendi.[2]  In Thomas, however, the Second Circuit explained that "[o]ur holding that drug quantity is an element of a § 841 offense does not preclude a District Court from considering drug quantity in determining a defendant's relevant conduct for sentencing purposes pursuant to U.S.S.G. § 1B1.3(a) . . . so long as the resulting sentence does not exceed the statutory maximum."  274 F.3d at 663-64.  Similarly, in United States v. Harris, 536 U.S. 545, 565 (2002), the

---

[2] Velasquez also claims that the Court violated his rights under Booker and Blakely.  Again, Booker is not retroactive.  Courts in this circuit have also consistently held that Blakely, which was decided approximately one month after Velasquez's sentence became final, is not retroactive. See Carmona v. United States, 390 F.3d 200, 202 (2d Cir.2004) ("To date, the Supreme Court has not . . . announced Blakely to be a new rule of constitutional law, nor has the Court held it to apply retroactively on collateral review); Warren v. United States, 2005 WL 165385, at *10 (D. Conn. Jan. 25, 2005); Garcia v. United States, 2004 WL 1752588, at *5 (N.D.N.Y. Aug. 4, 2004).

Supreme Court stated that "the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt."

Here, both the guideline range determined by the Court and Velasquez's ultimate sentence were below the statutory maximum of life in prison.  Therefore, pursuant to the law in effect at the time of sentencing, it was appropriate for the Court to consider a drug quantity in excess of the quantity to which Velasquez had admitted in his plea.  See, e.g., United States v. Birkett, 2003 WL 22940486, at *4-*5 (S.D.N.Y. Dec. 15, 2003) (where indictment alleged and jury found 50 grams of crack cocaine, sentencing court could determine quantity beyond that amount under a preponderance of evidence standard).

Velasquez also challenges the Court's use of his prior convictions without those convictions having been proved to a jury beyond a reasonable doubt.  In support of his argument, Velasquez cites the concurrence of Justice Thomas in Shepard v. United States, 125 S. Ct. 1254 (2005), criticizing the Supreme Court's holding in Almendorrez-Torres v. United States, 523 U.S. 224 (1998).

10

As Velasquez correctly states, Almendorrez-Torres stands for the proposition that a prior conviction used in sentencing need not be charged in an indictment, and may be found by a sentencing judge by a preponderance of the evidence. 523 U.S. at 248. Until overturned by the Supreme Court, Almendorrez-Torres is controlling in the lower federal courts, and this Court has no authority to rule contrary to its holding.

Velasquez's final argument is that the Second Circuit's decision in Guzman is in error and that Booker may be applied retroactively. (Paper 298 at 6-14). If Velasquez chooses to appeal this Court's decision on his § 2255 petition, he may present his arguments to the Second Circuit. However, as with Supreme Court precedent, this Court is bound by Second Circuit precedent and has no authority to issue rulings that are contrary to that court's holdings.

## Conclusion

For the reasons set forth above, I recommend that Velasquez's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Paper 286) be DENIED.

Dated at Burlington, in the District of Vermont, this 28th day of October, 2005.

                          /s/ Jerome J. Niedermeier
                          Jerome J. Niedermeier
                          United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).